UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER D. JONES,

    Petitioner,

  v.                                    Case No. 10-C-194

MICHAEL THURMER,

    Respondent.

**ORDER**

On March 9, 2010, Christopher D. Jones filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of delivery of heroin and possession of narcotics, and was sentenced to three years imprisonment and three years extended supervision. He is currently incarcerated at Waupun Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims. I also look to see whether the petitioner has exhausted the remedies available in the state courts, an essential prerequisite for federal review. *See* 28 U.S.C. § 2254(b)(1)(A).

The case against Jones consisted of the testimony of a Officer Wardell Dodds, who was investigating heroin dealings in an undercover capacity officer on Milwaukee's near north side. According to the decision denying his motion for postconviction relief, Officer Dodds testified that he was given a phone number to call in order to purchase heroin. He called the number and asked later met up with Jones, who exited from a green Pontiac. Jones asked him how many he wanted, and Officer Dodds replied "two." Officer Dodds gave Jones a pre-recorded $20 bill, and in return received two tin-foil folds containing heroin. The two parted company, and Jones walked back towards the green Pontiac. Officer Dodds then contacted his back-up and described Jones, including what he was wearing, and the vehicle. Officer Bryda recovered the buy money from the vehicle, and Officer Wilson saw Jones enter a house. Uniform officers were told to enter the residence and contain the upper unit where Jones was seen to have gone. Officer Jackson found Jones in a locked bedroom upstairs, and additional drugs were found in a crawl space in the same room. Officers Dodd and Wilson positively identified Jones as the person who made the transaction. After a first jury deadlocked, Jones was retried and convicted by a second jury.

Jones provides three grounds in support of his petition. First, he claims that his due process rights were violated as a result of lengthy delays in the processing of his appeal. According to his petition, the judgment of conviction was entered on March 6, 2008, and Jones signed a notice of intent to pursue postconviction relief. On March 26, 2008, postconviction/appellate counsel was appointed to represent him. The petition indicates that his counsel received the trial transcripts and other court records by August 7, 2008, but did not file a motion for postconviction relief under Wis. Stat. § 974.02 until over a year later, on October 5, 2009. The trial court denied the postconviction motion on December 23, 2009, and Jones filed his § 2254 petition on March 9, 2010. Although

2

Jones checked that he did appeal from the judgment of conviction, he entered the notation "N/A" in the spaces on the form petition calling for information concerning the appeal, including the date it was filed, grounds raised, result and date of result. Jones also indicated that he did not seek review from the highest state court.

The Seventh Circuit has suggested that inexcusable delays in the processing of direct criminal appeals may give rise to due process claims. *See Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996); *Allen v. Duckworth*, 6 F.3d 458, 459 (7th Cir. 1993). Such a claim becomes moot, however, once the State court renders its decision, unless it appears that the delay may have affected the outcome of the appeal. *Williams v. Sheahan*, 80 Fed.Appx. 471, 472 (7th Cir. 2003).

It is apparent from the face of the petition and the attached exhibits that Jones is not entitled to relief on this claim. Based on the letters attached to the petition from his postconviction counsel, it appears that the delay in filing a motion for postconviction relief resulted from additional investigation undertaken by counsel. She also negotiated a settlement with the prosecution, under which the prosecution would agree to stipulate to a sentence modification of a time-served disposition in exchange for a waiver of his appellate rights. Jones apparently turned down the offer. Given this explanation, the delay is not extraordinary, and in any event, the claim became moot once the trial court rendered its decision denying the motion.

The fact that Jones has apparently elected not to appeal the trial court's decision denying his motion for postconviction relief or the underlying conviction constitutes an additional ground for denying not just this claim, but his remaining two claims as well. His remaining two claims are for ineffective assistance of postconviction counsel. Jones contends that his postconviction counsel was ineffective in failing to pursue a claim that he received ineffective assistance from his trial counsel,

3

apparently for not investigating and presenting potentially exculpatory information. He also faults postconviction counsel for "misarguing" the facts of his case in contending that his trial counsel was ineffective for failing to file a viable motion to suppress. Even apart from his failure to exhaust state court remedies, however, neither claim appears meritorious.

The first ineffective assistance claim is based on the allegation that the officers who recovered the buy money from the green Pontiac after the transaction did not include the names of the two other occupants of the vehicle in his report. Both denied the buy money was theirs, and after running warrant checks on them, they were released. Jones claims that police violated his rights by failing to list the identity of these two witnesses in their reports and/or that his trial counsel was ineffective in failing to raise the issue. But based on the facts set forth by the postconviction court, which Jones does not appear to contest, Jones offered no evidence or argument that either could have offered evidence favorable to his defense. Thus, he is unable to show a violation based on the failure to record their identity. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982).

Jones' second ineffective assistance claim is that in her argument that his trial attorney was ineffective in failing to move for suppression of evidence obtained from the warrantless entry to the home in which he was apprehended after the transaction, postconviction counsel failed to argue that Jones had a reasonable expectation of privacy in the home. This claim, however, is belied by the postconviction court's decision denying his motion. Jones' counsel raised the issue of his trial counsel's failure to file the motion to suppress in his postconviction motion. The performance of Jones' counsel was not deficient merely because she did not package her argument the way Jones believes she should have, as she raised the issue and the trial court considered and rejected the

4

claim. Jones again fails to state what evidence postconviction counsel could have offered that would have changed the result.

For the foregoing reasons, I conclude from the face of the petition and the attachments that Jones is clearly not entitled to federal relief. He has failed to exhaust his state court remedies, and in any event, he has failed to set forth a cognizable constitutional or federal law claim. The petition is therefore dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**SO ORDERED** this   5th    day of April, 2010.

 s/ William C. Griesbach  
William C. Griesbach  
United States District Judge